**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA, EASTERN DIVISION**

| | |
|---|---|
| **MARTIN J. WALSH,** <br> **SECRETARY OF LABOR,** <br> **UNITED STATES DEPARTMENT** <br> **OF LABOR,** <br>                        *Plaintiff*, <br>     v. <br> **WOODS CONSTRUCTION AND** <br> **DEVELOPMENT, INC., d/b/a WOODS** <br> **ESTATES, d/b/a WOODS CONSTRUCTION,** <br> **and SETH WOODS, individually,** <br>                        *Defendants*. | Civil Action No. 3:23-cv-8 <br><br> **COMPLAINT** |

## **COMPLAINT**

Pursuant to Section 217 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*. ("FLSA" or the "Act"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendants Woods Construction and Development, Inc., d/b/a Woods Estates, d/b/a Woods Construction ("Woods Construction"), and Seth Woods, individually ("Mr. Woods;" collectively, "Defendants") from violating Sections 207, 211, and 215(a)(2) of the Act and to recover compensation, plus an equal amount in liquidated damages pursuant to Section 216(c), for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. Ultimately, the Secretary's investigation reviewed Defendants' employment and pay practices from April 6, 2020, through April 3, 2022 ("Investigation Period"). Unless otherwise stated, all allegations and conditions described herein pertain to the Investigation Period.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court by Sections 216(c) and 217 of the Act, 29 U.S.C. §§ 216(c), 217, as well as by 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

3. Pursuant to Southern District of Iowa Local Rule 3(b), because a substantial part of the underlying events herein occurred within Scott County, the appropriate civil divisional venue is the Southern District – Eastern Division in Des Moines, Iowa.

## DEFENDANTS

4. Woods Construction is an Iowa corporation within this Court's jurisdiction, with its headquarters and principal place of business located at 309 Madison Drive, Riverdale, Iowa 52722.

5. Woods Construction is primarily engaged in the business of residential construction, from bare unimproved subdivided building lot, to completed move-in ready housing for occupancy, in and around Des Moines, Iowa.

6. Woods Construction employed employees who worked as framers and laborers at its residential construction sites.

7. Defendant Seth Woods has actively managed and supervised Woods Construction's operations and employees from March 2016 through the present. Specifically, Defendant Woods has hired and fired employees, established schedules, set rates of pay, and dictated the pace and progress of on-site construction.

8. Defendant Woods has acted directly or indirectly in Woods Construction's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9. During that time, Defendants engaged in business in Scott County, within this Court's jurisdiction.

10. On April 28, 2022, Seth Woods, acting individually and on behalf of Woods Construction, executed a *Statute of Limitations Tolling Agreement*, preserving back wages encompassed within the Investigation Period.

## THE FLSA APPLIES TO DEFENDANTS

11. Woods Construction is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

12. Woods Construction is an "enterprise engaged in commerce" under the FLSA, because it had both: (i) more than two (2) employees who engaged in, or produced goods for, commerce; and (ii) an annual dollar volume greater than $500,000 for years 2020, 2021, and 2022. 29 U.S.C. § 215(a)(2).

## DEFENDANTS' FLSA VIOLATIONS

13. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rate for hours worked in excess of 40 in a workweek. Specifically, Defendants violated Section 207 of the FLSA when they misclassified employees as independent contractors, and then paid such workers straight time for all hours worked, including those in excess of 40 in a workweek. § 207(a)(1); § 215(a)(2).

14. As a matter of economic reality, employees working as framers and laborers (the "Workers") were misclassified as independent contractors when, in fact, the Workers were economically dependent upon Defendants for their employment, among other things:

a. Each of the Workers had worked for Woods Construction between three (3) months and twelve (12) years. These relationships were and are permanent, unless and until the Workers voluntarily resign or are terminated, and no Worker demonstrated the ability to work for entities other than Woods Construction;

b. Workers provided only the most basic of hand tools, such as tape measurers, hammers, and tool pouches. However, Woods Construction provided everything else, including air compressors, pneumatic nail guns, nails, screws, air hoses, job trailers, saws, lumber, skid loaders, and boom lifts;

c. Defendants exerted control over the Workers by hiring and firing, establishing schedules, setting rates of pay, and dictating the pace and progress of on-site construction;

d. Workers did not have an opportunity to earn a profit or suffer a loss. While the Workers were paid an hourly rate, Woods Construction exercised its negotiating power to bid on jobs and set rates of pay, and then dictated the selling price of any completed dwelling;

e. The occupation of residential house framer requires a skill level that only comes with requisite training and on-the-job experience; and

f. To accomplish its essential business function, Woods Construction hired the Workers, who worked as framers and laborers responsible for building walls, installing floor joists, setting roof trusses, and hanging wall sheathing. Such function could not have been accomplished in the absence of the Workers.

15. Accordingly, the Workers are Defendants' employees under the FLSA.

16. Defendants violated Section 207 of the FLSA when they paid Workers straight time rates of pay for hours worked in excess of 40 in a single workweek.

17. Sections 211 and 215 of the FLSA require employers to make, keep, and preserve adequate and accurate records under 29 C.F.R. Part 516. *See* § 211(c); § 215(a)(5).

18. Defendants violated Sections 211 and 215 of the FLSA by failing to make, keep, and preserve adequate and accurate time records regarding their employees. Specifically, when they withheld and refused to produce time records, upon request.

### REMEDIES SOUGHT

19. As a result of their FLSA violations, Defendants owe the employees listed in **Exhibit A** back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continue to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

20. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees who identities the Secretary does not currently know.

21. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

22. Moreover, Defendants repeatedly and willfully violated Sections 207, 211, and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

23. Specifically, Defendants acted willfully when they withheld and failed to produce upon request time records for individuals identified in **Exhibit A**, and paid straight time rates of pay for hours worked in excess of 40 in a workweek.

24. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wage and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**PRAYER FOR RELIEF**

As a result of Defendants' willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

a. Permanently enjoining and restraining Defendants from continuing to withhold employees' unpaid minimum wage and overtime compensation, which the Courts find due under the FLSA. 29 U.S.C. § 217(a);

b. Permanently enjoining and restraining Defendants from violating Section 207, 211, and 215 of the FLSA. 29 U.S.C. § 217(a);

c. Finding Defendants liable for unpaid overtime wages, plus equal amounts in liquidated damages, owing to Defendants' employees listed in **Exhibit A** for the Investigation Period, as well as to other of Defendants' employees not yet known to the Secretary 29 U.S.C. § 216(c);

d. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding all wages found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

e. Finding Defendants *willfully* violated Sections 207, 211, and 215 of the FLSA under 29 U.S.C. § 255(a);

f. Compelling Defendants to produce the time records, which they have withheld and refused to produce, even upon request;

g. Providing such other relief as this Court deems just and appropriate; and

h. Awarding costs.

**Dated: February 1, 2023**

| | |
|---|---|
| **SEEMA NANDA**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VANWIJK**<br>Associate Regional Solicitor | /s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Attorney (Mo. Bar No. 62509)<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 10100<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>Richardson.Boyce.N@dol.gov<br>sol.kc.docket@dol.gov<br><br>*Attorneys for **Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*** |

## EXHIBIT A

| Misclassified Hourly Employee | FLSA Back Wages Due |
|---|---|
|  |  |
| Becerril, Cesar | $837.00 |
| Cardenas Delacruz, Galdino | $3,314.77 |
| Contreras, Oscar | $25,162,30 |
| Delgadillo, Victor | $1,825.91 |
| Garcia, Ernesto | $2,927.40 |
| Garcia, Fermin | $2,717.08 |
| Garcia, Fredy (Jorge) | $9,538.12 |
| Hardt, Justin | $9,852.17 |
| Martinez, Tobias | $8,586.10 |
| Mondragon, Alejandro | $4,192.21 |
| Mondragon, Hector | $5,720.00 |
| Mondragon, Jorge | $8,155.94 |
| Rebolloso, Jose Raul | $14,859.81 |
| Resendis, Samual | $1,669.13 |
| Vega, Francisco | $12,887.60 |
|  |  |
| Total | **$128,430.04** |