UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **JULIE A. SU,**<br>**ACTING SECRETARY OF LABOR,**<br>**UNITED STATES DEPARTMENT**<br>**OF LABOR,**<br><div align="right">*Plaintiff,*</div><br>v.<br><br>**WOODS CONSTRUCTION AND**<br>**DEVELOPMENT, INC., d/b/a WOODS**<br>**ESTATES, d/b/a WOODS CONSTRUCTION,**<br>**and SETH WOODS, individually,**<br><br><div align="center">*Defendants.*</div> | Civ. Action No.: 3:23-cv-00008-SHL-SBJ<br><br>**CONSENT ORDER AND JUDGMENT** |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), has filed a *Complaint* under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201, *et seq.*) ("FLSA"), against Defendants Woods Construction and Development, Inc., d/b/a Woods Estates, d/b/a Woods Construction, and Seth Woods, individually, (collectively "Defendants") have appeared by counsel and agree to the entry of this *Consent Order and Judgment* without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

1

The Secretary of Labor alleges and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to Section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 7 , 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any individuals – and any future employees –  including, but not limited to, any of their employees working at Woods Construction and Development, Inc., d/b/a Woods Estates, d/b/a Woods Construction, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which they perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said individuals receive compensation for their work in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are compensated.

2. Defendants shall make, keep, and preserve adequate records of their employees, if any, and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any employees working at Woods Construction and Development, Inc., d/b/a Woods Estates, d/b/a Woods Construction, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which they perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and

215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Secretary.

3.      Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any individuals, whether or not directly employed by Defendants, because the individual engages in any of the following activities:

a.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $128,000.00.

4.      The Secretary shall recover from Defendants the sum of $128,000.00 in unpaid overtime compensation covering the period from April 6, 2020, through April 3, 2022, for Defendants' current and former employees whose names are listed in the *Exhibit A* of the *Complaint*.

a.      At the time of Defendants' execution of this Consent Order and Judgment, Defendants shall deliver payment in the amount of $128,000.00 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

b.      Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in *Exhibit A* of the *Complaint*.

c.      Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the individual's share of the social security ("FICA") tax, to the individuals or their legal representative as their interests may appear, in accordance with the provisions of Section 16(c) of the FLSA. Defendants remain responsible for FICA arising from or related to the back wages distributed by the Secretary.

d.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

e.      Any monies not disbursed by the Department of Labor after three (3) years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to Section 16(c) of the FLSA.

f.      The provisions of this *Consent Order and Judgment* shall not in any way affect any legal right of any individual not named on *Exhibit A* to the *Complaint*, nor shall the provisions

in any way affect any legal right of any individual named on *Exhibit A* to the *Complaint* to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

5.      By entering into this *Consent Order and Judgment*, the Secretary does not waive their right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each Party shall bear their own costs, fees and other expenses incurred by such Party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 24th day of August,  2023.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE

Entry of this Judgment
is hereby consented to:


By _____

**DANIELLE SMID**
Attorney

BROWN, WINNICK, PLC
666 Grand Ave | Suite 2000
Des Moines, IA 50309
(515) 242-2400
*danielle.smid@brownwinnick.com*


**Attorney for Defendants**


By _____

**SETH WOODS**
Owner/Individually

WOODS CONSTRUCTION &
DEVELOPMENT, INC.
309 Madison Drive
Riverdale, IA 52722
(309) 721-4299
*woodsconstructionanddevelopment
@gmail.com*


Representative of Defendant


APPROVED:

   **SEEMA NANDA**
   Solicitor of Labor

   **CHRISTINE Z. HERI**
   Regional Solicitor

   **EVERT H. VANWIJK**
   Associate Regional Solicitor


_____

**BOYCE N. RICHARDSON**
Trial Attorney

OFFICE OF THE SOLICITOR
U.S. DEPARTMENT OF LABOR
2300 Main Street | Suite 10100
Kansas City, MO 64108
(816) 285-7270 (Direct)
(816) 285-7287 (Fax)
*Richardson.Boyce.N@dol.gov*


*Attorneys for the Plaintiff Julie A Su,
Acting Secretary of Labor,
United States Department of Labor*

7